BLEDSOE, at a former day of this term, moved, in behalf of Reeder’s administrator, for a supersedeas to a decree in chancery, perpetually enjoining said administrator from proceeding at law on his judgment against the administrators of Duncan.
A note of hand was given by Duncan, in his lifetime, for payment of a sum of money to Edwards, as administrator of Reeder ; Edwards sued the administrators of Duncan — plea payment, verdict and judgment for the plaintiff. Duncan’s administrators exhibited their bill for relief against the judgment, alleging that the note had been paid by Duncan in his lifetime ; that a settlement had been made between Duncan and Edwards ; that no receipt was taken ; that the note was to have been destroyed or delivered up by Edwards ; and that *369 the witnesses to these facts were unknown at the trial at law, but had been discovered since. .
. The testimony satisfies the mind, without doubt, that the settlement had been made by Duncan in his lifetime ; that the note was particularly mentioned as settled, as riot being then present, but to be destroyed or deliver» ed up by Edwards : whereupon the court below decreed a perpetual injunction, with costs.
This court was of opinion that the unconscionable act of setting up the note after Duncan!s death, instead of cancelling it, was a ground of equitable jurisdiction i that as neither of the administrators of Duncan were present at the settlement; and had no means of tracing the settlement made by Duncan in his lifetime, but by enquiry in the country, their case formed an exception to the general rule of refusing relief in equity upon a defence which might have been made at law ; and so the motion was overruled.